```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

ASHLEY SIX,

    Plaintiff,

v.                                    Civil Action No. 5:13CV3
                                                      (STAMP)
DEBORAH SWEENEY,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO REMAND

### I.  Background

The above-styled civil action was filed in the Circuit Court of Brooke County, West Virginia.  The complaint seeks damages for injuries resulting from an automobile accident.  The case was originally filed on May 18, 2012, and the defendant removed to this Court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332 on July 12, 2012.  Following this removal, the parties agreed that removal was untimely under 28 U.S.C. § 1446(b), as the defendant had been served with the complaint more than thirty days prior to removal, and the case was remanded by an agreed order for remand.

On January 15, 2013, the defendant removed this case to this Court for a second time on the basis of diversity jurisdiction, claiming that the parties are citizens of different states and that the amount in controversy in the case exceeds $75,000.00, exclusive of interest and costs.  The defendant now maintains that she has learned, through settlement demands made by the plaintiff, that the

amount in controversy in the case is more than $75,000.00. Thus, she is now entitled to remove the case at this time. The plaintiff then filed a motion to remand, which claims that diversity jurisdiction is lacking both because the defendant cannot remove this case for a second time after it was originally agreed that removal was untimely, and because the defendant has failed to demonstrate that the amount in controversy exceeds the jurisdictional amount of $75,000.00. The defendant did not respond to the plaintiff's motion for remand.[1] For the reasons that follow, this Court must deny the plaintiff's motion for remand.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. §§ 1446(b)(1) & (3), removal of a civil action is timely only if it is filed "within 30 days after the receipt by the

---

[1] While the defendant did not respond to the motion to remand, because the motion challenges this Court's subject matter jurisdiction over this civil action, this Court must consider the merits of the plaintiff's motion to remand. Based upon the assertions in the defendant's notice of removal, this Court finds that remand is not appropriate, as this civil action was properly removed pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

defendant, through service or otherwise, of a copy of the initial pleading . . ." or, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." With regard to cases removed pursuant to 28 U.S.C. § 1332, "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed [the jurisdictional amount], information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A).

The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id. Although courts strictly construe the statute granting removal jurisdiction, Doe v. Allied Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy. Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the

plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed. Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 428 (7th Cir. 1997).

### III.   Discussion

In her motion to remand, the plaintiff largely argues that the defendant is precluded from removing this matter again after the original notice of removal was deemed untimely. She also incorporates by reference the arguments included in her original motion for remand, which focus on her assertion that the defendant failed to present evidence to show by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.00. After review of the plaintiff's motions for remand, as well as the defendant's notice of removal, this Court finds that the both of these arguments must fail.

A.   Timeliness of removal

Initially, the plaintiff argues without support that, because the defendant's original notice of removal was deemed untimely and this case was remanded on that basis, her second notice of removal must also be untimely. The plaintiff argues that, under 28 U.S.C. § 1446(b), the defendant was required to remove the case within

thirty days of receiving service of process, and because service was received by Ms. Sweeney on May 19, 2012, she failed to timely remove, and "this case may not be removed." However, this argument ignores the exception to this general thirty day limitation. This exception, also contained in § 1446(b) and further developed with regard to removal based upon diversity jurisdiction in § 1446(c), allows a defendant to remove a case which is not immediately removable because the amount in controversy cannot be said to exceed $75,000.00 based upon the allegations in the complaint, "within thirty days after receipt by the defendant . . . of a copy of . . . other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "[I]nformation relating to the amount in controversy in the record of the State proceeding, or in responses to discovery shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A).

    The defendant's most recent notice of removal asserts that the plaintiff's complaint failed to plead a specific amount of damages, and prior to December 19, 2012, the plaintiff had disclosed no information suggesting that the amount in controversy exceeded $75,000.00. However, the defendant argues that on December 19, 2012, prior to the defendant's disclosure of her relevant insurance policy limits, the plaintiff offered a settlement demand for the defendant's policy limits. As the defendant's policy limit is $100,000.00, the defendant avers that she responded to the

plaintiff's demand by disclosing those policy limits, to which the plaintiff responded on December 27, 2013 by reiterating her policy limit demand.  At this time, the plaintiff also claimed that she has undergone back surgery for injuries related to the accident which forms the basis for her complaint, and will need life-long pain management.  Accordingly, the defendant argues that she received an "other paper" clarifying for the first time the amount in controversy when she received the settlement demand letter for $100,000.00 from the plaintiff on December 17, 2012.  Removal was thus timely filed on January 15, 2013.

This Court agrees with the defendant that her second notice of removal in this case was timely filed.  This Court notes that the complaint in this case makes no damages demand, and that the plaintiff had previously contested the defendant's support for her claim that the amount in controversy exceeded $75,000.00.  However, the plaintiff's $100,000.00 demand letter received by the defendant less than one month prior to removal, clearly represents evidence that the amount in controversy has been satisfied.  The plaintiff has presented no evidence to suggest that this information was available to the defendant prior to this settlement demand, and has also failed to present any support for her argument that this second removal is untimely simply because the defendant's prior removal was deemed to be untimely.

B.  <u>Defendant's burden of establishing the amount in controversy</u>

As noted above, the plaintiff also incorporates by reference the arguments raised in her original motion for remand, which assert that the defendant has failed to prove that the amount in controversy exceeds $75,000.00. The burden of establishing that the amount in controversy exceeds $75,000.00 rests with the party seeking removal. <u>Mulcahey</u>, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. <u>Mullins</u>, 861 F. Supp. at 23. In such circumstances, the Court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. <u>Id.</u>

The defendant's basis for her second notice of removal is the aforementioned policy limits settlement demand which the plaintiff reiterated even after the defendant disclosed that her policy limit was $100,000.00. This Court finds that this settlement demand clearly establishes, by a preponderance of the evidence, that the amount in controversy in this case exceeds $75,000.00. After review of the plaintiff's first motion to remand, this Court does not find it necessary to address the plaintiff's arguments contained therein. These arguments are based upon the support for

7

jurisdiction raised by the defendant in her original notice of removal, and thus address arguments and bases for removal not applicable to or relied upon in the second notice of removal. In the previous notice of removal, the defendant had relied simply upon discovery responses by the plaintiff wherein she declined to stipulate that she would not seek more than $75,000.00 and declined to agree that she sought more than that amount. As the defendant's current notice of removal is based solely upon the plaintiff's December 27, 2013 settlement demand, this Court finds it unnecessary to address the plaintiff's arguments regarding other bases for removal.

## IV. Conclusion

For the reasons stated above, the plaintiffs' motion to remand is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: May 8, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE